# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | No. 4:11-CV-2043 CAS |
| ) | |
| JT CONCRETE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs Cement Masons Local 527 (the "Union") and the Trustees of its various Trust and Training Funds filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f).  The Complaint asserted that defendant JT Concrete, LLC was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from its employees' paychecks as union dues, and submit a monthly statement showing the regular and overtime hours worked by each employee.  Plaintiffs asserted that defendant failed and refused to pay the required dues remissions and submit the required monthly reports.  The Complaint sought to require defendant to submit its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on December 7, 2011, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure.  On February 21, 2012, a Clerk's Entry of Default pursuant was issued pursuant to Rule 55(a), Fed. R. Civ. P. [Doc. 11], and subsequently the case was reassigned to the undersigned.

By Judgment dated March 7, 2012, the Court entered default judgment in favor of plaintiffs and against defendant JT Concrete, LLC in the total amount of Two Thousand Nine Hundred Sixty-Six Dollars and Sixty-Three ($2,966.63) Cents.  [Doc. 13]

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Matthew J. Gierse assert that plaintiffs sent a notice of post-judgment deposition to JT Concrete, LLC by first-class mail on July 2, 2012, pursuant to Federal Rule of Civil Procedure 69.  The notice required the attendance of defendant's officer Janet Terrill at the office of plaintiffs' counsel on August 2, 2012 at 10:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case.  The affidavit states that no representative of JT Concrete, LLC appeared at the deposition or produced any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise."  Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Id.  Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as

provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that defendant JT Concrete, LLC was properly noticed for deposition but failed to have its representative appear. Plaintiffs' motion to compel discovery should therefore be granted, and a representative of JT Concrete, LLC will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 24]

**IT IS FURTHER ORDERED** that a representative of JT Concrete, LLC shall appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Tuesday**, **September 18, 2012**, at **10:00 a.m**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant JT Concrete, LLC, at 17851 State Route BB, St. James, Missouri 65559.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of August, 2012.