UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2043 CAS |
| | ) | |
| JT CONCRETE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO SHOW CAUSE

This matter is before the Court on plaintiffs' motion for contempt. Plaintiffs' motion is accompanied by a memorandum in support, an affidavit of plaintiffs' counsel, and a record of non-appearance. No response has been filed to the motion and the time to do so has passed. For the following reasons, the Court will order the defendant and its officer Ms. Janet Terrill to show cause why they should not be held in contempt of court for failing to comply with the Court's Order of August 31, 2012, which ordered that a representative of defendant JT Concrete, LLC appear for deposition and produce certain documents on September 18, 2012.

**Background**

Plaintiff Cement Masons Local 527 and its Trustees filed this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. A default judgment was issued on March 7, 2012 in favor of plaintiffs and against defendant JT Concrete, LLC in the total amount of Two Thousand Nine Hundred Sixty-Six Dollars and Sixty-Three Cents ($2,966.63).

In an attempt to further collection efforts, plaintiffs noticed the post-judgment deposition of a representative of JT Concrete, LLC, its officer Janet Terrill, pursuant to Rules 69 and 37 of the Federal Rules of Civil Procedure. The notice was served by mail on July 2, 2012. The notice required the attendance of Ms. Terrill as an officer of JT Concrete, LLC at the office of plaintiffs' counsel on August 2, 2012 at 10:00 a.m. and the simultaneous production of documents pertaining to collection efforts. Neither Ms. Terrill nor any other representative of JT Concrete, LLC appeared for the deposition or produced any of the requested documents.

Plaintiffs sought an order of the Court compelling Ms. Terrill to appear for a post-judgment deposition and to produce the records requested at the offices of plaintiffs' counsel on a date and time specified by the Court. On August 31, 2012, the Court ordered that a representative of JT Concrete, LLC appear for deposition at the offices of plaintiffs' counsel on September 18, 2012 at 10:00 a.m., and to produce the requested documents at the same time. The record of non-appearance submitted in connection with plaintiffs' motion for contempt reflects that neither Ms. Terrill nor any other representative of JT Concrete, LLC appeared at the scheduled deposition. Plaintiffs now move to have defendant and Ms. Terrill held in contempt of court for failing to appear at the deposition and to produce records as ordered, and seek a monetary compliance fine of $200.00 for each day of noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt. Finally, plaintiffs seek Ms. Terrill's incarceration in the event she continues to disregard the Court's Order of August 31, 2012.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal

punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce a defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); see also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant).

Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the

> corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911). As a result, Ms. Terrill, although not a party to this action, is subject to the Court's contempt power.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that JT Concrete, LLC and Ms. Terrill have not appeared and produced records as ordered. At this point, the burden shifts to defendant and Ms. Terrill to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2)

their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant JT Concrete, LLC and Ms. Janet Terrill are ordered to show cause in writing why they should not be held in contempt of court for failure to appear for a deposition and produce records as ordered by the Court on August 31, 2012.

**IT IS FURTHER ORDERED** that a hearing is set for Tuesday, **November 27, 2012**, at 2:00 p.m. in Courtroom No. 14-S of the Thomas F. Eagleton United States Courthouse, at which defendant JT Concrete, LLC and Ms. Janet Terrill may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of August 31, 2012. Because incarceration is a possible civil contempt sanction, Ms. Terrill has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Ms. Terrill to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order by first class mail and by certified mail, return receipt requested, to Ms. Janet Terrill at 17851 State Route BB, St. James, Missouri 65559, and to JT Concrete, LLC, c/o Ms. Janet Terrill, at the same address.

                                          */s/ Charles A. Shaw*
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this __18th__ day of October, 2012.